CHIASSON, Judge.
Ernest Jeffery appeals the trial court’s judgment denying him compensation for an alleged total and permanent disability.
Around January 12, 1977 while employed by Bass Enterprises/Sid Richardson Carbon Company, Mr. Jeffery suffered frostbite to his feet after having worked outside in cold temperatures for two work days. Mr. Jeffery, at one point, complained about foot pain to his supervisor, but was instructed that the work had to be done, so he continued working.
Appellant visited a Dr. Freeman for the pain and swollen condition of his feet. Dr. Freeman diagnosed him as having a vascular disease known as Raynaud’s phenomenon. It was Dr. Freeman’s opinion that the disease process had been ongoing for a number of years. However, he opined that the disease might have remained dormant had Mr. Jeffery not incurred frostbite (a condition to which he was more susceptible due to Raynaud’s phenomenon). Due to recognition of the underlying disease, Dr. Freeman felt that Mr. Jeffery would need to continue medication for the remainder of his life and could not work outside in temperatures below 40°.
No permanent tissue damage from frostbite occurred and after about a month off, Mr. Jeffery returned to work. Thereupon, he was let go because of his inability to work outside in cold temperatures.
Mr. Jeffery brought suit against Bass Enterprises/Sid Richardson Carbon Company and its insurer, Hartford Insurance Company, seeking workmen’s compensation for permanent and total disability.
After trial, judgment was rendered in favor of appellant ordering defendants to pay $85.00 per week disability for the month that Mr. Jeffery was off from work receiving treatment for frostbite. Permanent and total disability was disallowed.
Thus, the only issue presented on appeal is whether the manifestation of a dormant disease caused by working in cold weather is recoverable under the Louisiana Workmen’s Compensation Act as a total and permanent disability when the only work restriction placed on appellant is that he not work outside in temperatures below 40°.
As amended in 1975, LSA-R.S. 23:1221(2) defines total and permanent disability and the benefits therefor as follows:
*1061 “(2) For injury producing permanent total disability of an employee to engage in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds per centum of wages during the period of such disability.”
Under the amendment, this Court has interpreted permanent total disability to mean . . that an employee is not totally disabled, either temporarily or permanently, unless he is disabled from performing any gainful work whatsoever.” LeBlanc v. Commercial Union Assur. Co., 349 So.2d 1283 (La.App. 1st Cir. 1977).
It is apparent that the 1975 amendment was “. . . intended to relieve the effect of prior jurisprudence which held that an injured employee was entitled to benefits when he could not perform the same or similar work in which he was engaged when injured but could, nevertheless, earn wages at some other occupation.” LeBlanc, supra.
We conclude that under the applicable law, appellant has not suffered an injury compensable as a permanent total disability. Mr. Jeffery is able to do any type of work whatsoever as long as he refrains from working in cold temperatures. Furthermore, he suffered no permanent tissue damage and is in the same physical condition as he was in prior to incurring frostbite.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.